# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 25, 2018

```
* * * * * * * * * * * * * * * *
DEBORAH L. MATTHAES, as Personal    *
Representative of the Estate of     *
HELEN G. ISHAM,                     *
                                    *
              Petitioner,           *
                                    *
v.                                  *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
                                    *
* * * * * * * * * * * * * * * *
```

UNPUBLISHED

No. 16-1266V

Chief Special Master Dorsey

Decision Based on Stipulation;
Influenza ("Flu") Vaccine;
Transverse Myelitis

Nancy Routh Meyers, Ward Black Law, Greensboro, N.C., for petitioner.
Mallori Browne Openchowski, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION BASED ON STIPULATION[1]

On October 4, 2016, Helen G. Isham ("Ms. Isham") filed a petition in the National Vaccine Injury Compensation Program.[2] Ms. Isham alleged that as a result of an influenza ("flu") vaccine administered on November 6, 2015, she suffered from transverse myelitis.

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Petition at 1-3. Because Ms. Isham has passed away, Deborah Matthaes ("petitioner"), as personal representative of Ms. Isham's estate, was substituted as petitioner. Order dated March 24, 2017 (ECF No. 21).

On May 23, 2018, the parties filed a stipulation recommending an award of compensation to petitioner. Stipulation (ECF No. 51). Respondent denies that the flu vaccine caused petitioner to suffer from transverse myelitis or any other injury, or resulted in her death. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $405,000.00, in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

Any questions regarding this Order may be directed to the undersigned's law clerk, Anna Miller, at (202) 357-6379, or anna_miller@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/Nora B. Dorsey**</u>
Nora B. Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| DEBORAH L. MATTHAES, as Personal Representative of the estate of HELEN G. ISHAM, ) ) ) ) | |
| Petitioner, ) | No. 16-1266V |
| v. ) | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | ECF |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Helen G. Isham ("Ms. Isham") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Upon Ms. Isham's death, Deborah Matthaes ("petitioner"), as personal representative of the Estate of Helen G. Isham, was substituted as petitioner. The petition seeks compensation for injuries allegedly related to Ms. Isham's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  Ms. Isham received a flu and pneumococcal conjugate vaccine on or about November 6, 2015.

3.  The vaccines were administered within the United States.

4.  Petitioner alleges that Ms. Isham suffered a transverse myelitis (TM) as a consequence of the flu immunization she received on or about November 6, 2015. Ms. Isham passed away on

February 19, 2017. Petitioner further alleges that Ms. Isham's death was a sequelae of her alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Ms. Isham's behalf as a result of her condition or death.

6. Respondent denies that the flu vaccine caused Ms. Isham's alleged TM, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $405,000.00 in the form of a check payable to petitioner, as legal representative of the Estate of Helen Isham, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State

health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, as legal representative of the Estate of Helen Isham, on her own behalf, and on behalf of the Estate, and Ms. Isham's heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Isham resulting from, or alleged to have resulted from, the flu or pneumococcal conjugate vaccinations administered on or about November 6, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about October 4, 2016, in the United States Court of Federal Claims as petition No. 16-1266V.

13. Petitioner represents that she presently is duly authorized to serve as Personal Representative of the Estate of Helen Isham, under the laws of the State of Ohio. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as Personal Representative of the Estate of Helen Isham. If petitioner is not authorized by a court of competent jurisdiction to serve as Personal

Representative of the Estate of Helen Isham at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Helen Isham, upon submission of written documentation of such appointment to the Secretary.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Isham's alleged TM, any other injury, or death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of the Estate of Helen Isham.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Deborah Matthaes*
DEBORAH MATTHAES

ATTORNEY OF RECORD FOR
PETITIONER:

*Nancy Meyers*
NANCY MEYERS
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401-1307
(336) 333-2244

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*Catharine E.*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD  20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*Mallori*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 305-0660

Dated:   5/23/2018